UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-09-24-B-W |
| | ) | |
| JAMES M. CAMERON | ) | |

**ORDER ON MOTION TO DISMISS COUNTS OF THE INDICTMENT**

The Court denies the Defendant's motion to dismiss counts of the Indictment.

**I.    STATEMENT OF FACTS**

On February 11, 2009, a federal grand jury issued a sixteen count indictment against James M. Cameron, alleging violations of federal criminal statutes against the possession, transportation, and receipt of child pornography. *Indictment* (Docket # 3). On May 18, 2009, Mr. Cameron moved to dismiss various counts of the Indictment. *Mot. to Dismiss Counts of the Indictment* (Docket # 28) (*Def.'s Mot.*). The Government responded on July 1, 2009. *Gov't's Mem. in Opp'n to Def.'s Mot. to Dismiss* (Docket # 46) (*Gov't's Mem.*). Mr. Cameron replied on July 30, 2009. *Def.'s Reply Mem. to Gov't's Mem. in Opp'n to Def.'s Mot. to Dismiss* (Docket # 55) (*Def.'s Reply*).

Mr. Cameron's motion contains allegations of insufficient pleadings, multiplicitous and duplicitous pleadings, and improper venue. Specifically, Mr. Cameron argues that all sixteen counts of the Indictment should be dismissed for insufficient pleading; counts ten, fifteen, and sixteen should be dismissed as multiplicitous; count six should be dismissed as duplicitous; and, counts twelve, thirteen, and sixteen should be dismissed for improper venue.

**II.   DISCUSSION**

    **A.  Legal Standard**

Unlike civil actions, a criminal action, particularly one initiated by an indictment, is not generally subject to dispositive motion practice. *United States v. Stevens*, 578 F. Supp. 2d 172, 177 (D. Me. 2009). This is in part due to the fact that in returning an indictment, a grand jury is carrying out a constitutional function enshrined in the Bill of Rights. U.S. CONST. amend. V (stating that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury"). Because dismissing an indictment "directly encroaches upon the fundamental role of the grand jury," the power of the Court to dismiss an indictment is reserved for extremely limited circumstances, *Whitehouse v. United States Dist. Court*, 53 F.3d 1349, 1359 (1st Cir. 1995); *see also United States v. Edgar*, 82 F.3d 499, 506 (1st Cir. 1996), and is exercised with caution. *United States v. Thomas*, 519 F. Supp. 2d 141, 143-44 (D. Me. 2007).

### B. Insufficient Pleadings

Mr. Cameron moves to dismiss all counts of the Indictment arguing that the Indictment does not adequately apprise him of the charges against him as required by Federal Rule of Criminal Procedure 7. Specifically, Mr. Cameron alleges that because the Indictment does not identify the "images that the grand jury found probable cause to believe were child pornography," he has not been placed on notice as to the specific images against which he must defend. *Def.'s Mot.* at 2.

Rule 7(c)(1) states that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Civ. P. 7(c)(1). An indictment "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v.*

*United States*, 418 U.S. 87, 117 (1974); *United States v. Vega Molina*, 407 F.3d 511, 527 (1st Cir. 2005).

Although the Government has not identified a specific image with each count, such specificity is not an element of the offense and neither the statute under which Mr. Cameron has been charged nor the Rule requires its inclusion. In *United State v. Poulin*, 588 F. Supp. 2d 64, 66 (D. Me. 2009), the defendant similarly alleged that an indictment charging sexual exploitation of a minor was insufficient because it did identify the sexually explicit image or group of images that formed the basis of the prosecution.[1] Although this information was not included in the *Poulin* indictment, the Court concluded that the indictment, which included that date of the offense, the place of the offense, the specific nature of the crime, the statute under which the defendant was charged, and the applicable penalty provision, was sufficient. *Id*. at 67. The Court further stated that the "open-file" discovery employed by the government obviated the need for greater specificity. *Id*. (quoting *United States v. Sepulveda*, 15 F.3d 1161, 1192-93 (1st Cir. 1993)).

Here, each count of the Indictment meets the specificity requirement outlined by the Rule and the First Circuit. For example, count one alleges the offense of transporting child pornography in interstate commerce in violation of 18 U.S.C. §§ 2252A(a)(1) and 2256(8)(A). In the Indictment, the Government includes similar language from section 2252A(a)(1), and states the type of child pornography (digital images), the means by which the images were transported (by computer using the screen name caitlinsadoll69), where the digital images were stored (a Yahoo photo album), the date the offense occurred (July 10, 2006), and the statutory provision that was violated. The remaining counts contain similar information—that is, a

---

[1] Mr. Poulin filed a motion for bill of particulars, which calls for a slightly different, but substantially similar analysis. *United States v. Poulin*, 88 F. Supp. 2d 64, 66 (D. Me. 2009).

description of the offense using language from the appropriate statute, the date of the offense, the type of images, and the means by which the transportation, receipt, or possession occurred (uploading into a Yahoo photo album, or communicating via Google Hello or Yahoo e-mail). In addition, counts one through six, twelve, and fourteen allege that the Defendant used a particular screen name. Each count tracks the language of the statute and clearly sets forth the elements of the offense. This is sufficient.[2] *See United States v. Serino*, 835 F.2d 924, 929 (1st Cir. 1987) ("'It is generally sufficient that an indictment set forth the offense in the words of the statute itself,' as long as those words set forth the elements of the offense without any uncertainty and ambiguity.") (quoting *Hamling*, 418 U.S. at 117).

Because the Indictment "elucidates the elements of the crime[s], enlightens [the] defendant as to the nature of the charge[s] against which [he] must defend, and enables [him] to plead double jeopardy in bar of future prosecutions for the same offense[s]", the Indictment complies with the Rule and any constitutional requirements. *Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993); *see also United States v. Brown*, 295 F.3d 152, 156 (1st Cir. 2002).

**C. Multiplicitous**

Next, Mr. Cameron makes the argument that possession of child pornography, 18 U.S.C. § 2252A(a)(5), is a lesser included offense of receiving of receiving child pornography, 18 U.S.C. § 2252A(a)(2), and transporting child pornography 18 U.S.C. § 2252A(a)(1). He claims

---

[2] Even if the individual counts of the Indictment had failed to include an element of the offense, that omission alone is not sufficient grounds for dismissal. *See United States v. Mojica-Baez*, 229 F.3d 292, 310-12 (1st Cir. 2000). The Indictment adequately describes the charges against Mr. Cameron and the conduct that resulted in the charges; Mr. Cameron has not been prejudiced by the lack of fair notice. *See United States v. Yefsky*, 994 F.2d 885, 894 (1st Cir. 1993). In addition, the Government has acted pursuant to an open file discovery practice, and asserts that it has provided to Mr. Cameron all discoverable material in its possession in accordance with Rule 16. Fed. R. Crim. P. 16; *Gov't's Mem*. at 3 n.2. To the extent that Mr. Cameron is uncertain as to what images he has been charged with transporting, receiving, and possessing, he has a right to pursue this issue separately.

that the possession counts (counts fifteen and sixteen)[3] are therefore multiplicitous of the transportation counts (counts one through six, eight, eleven, twelve, and fourteen) and the receipt counts (counts seven, nine, ten, and thirteen).

"An indictment is multiplicitous and in violation of the Fifth Amendment's Double Jeopardy Clause if it charges a single offense in more than one count." *United States v. Brandon*, 17 F.3d 409, 422 (1st Cir. 1994). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Appling the *Blockburger* standard "[a] defendant may be charged with multiple offenses based on the same underlying conduct as long as each offense requires proof of an element not required by the other." *United States v. Vartanian*, 245 F.3d 609, 616 (6th Cir. 2001).

The Supreme Court has stated that for purposes of proceeding with prosecution, the Government may charge a defendant under two different statutes even when the same conduct is implicated in both offenses. *See Ball v. United States*, 470 U.S. 856, 860 n.7 (1985) (stating that "the Double Jeopardy Clause imposes no prohibition to simultaneous prosecutions" of the same conduct under two different statutes). Absent a specific image, the Court cannot now determine whether the counts that allege possession of child pornography are lesser included offenses of the counts that allege the receipt or the transportation of child pornography; however, it is permissible for the Government to charge the possession offenses as counts separate from the

---

[3] In Mr. Cameron's motion, count ten is included as a possession count, but count ten involves receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2), not possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

receipt and transportation counts.[4]  In addition, the Indictment alleges that the possession offenses occurred on December 21, 2007 and January 26, 2008, and that the receipt and transportation offenses occurred on different dates.

The Indictment is not mutiplicitous.

**D. Duplicitous**

With regard to count six, Mr. Cameron argues that he has been charged with two different criminal acts, the transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and the transmission or distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), in one count.  He contends that count six is therefore duplicitous and should be dismissed.

"A count is duplicitous when it *charges* more than one offense in a single count." *United States v. Valerio*, 48 F.3d 58, 63 (1st Cir. 1995) (emphasis in original).  Whether the actions to which the count referred could have been charged as a separate crime is irrelevant.  *Id*.  An indictment is not duplicitous when it alleges alternative means of committing a single crime.  *See Schad v. Arizona*, 501 U.S. 624, 631 (1991).

Contrary to Mr. Cameron's argument, the Government has not charged Mr. Cameron with transporting child pornography <u>and</u> distributing child pornography in count six.  Rather, the Government has merely alleged two ways in which Mr. Cameron could have committed one offense.  Mr. Cameron is alleged to have transported child pornography, in violation of 18 M.R.S. § 2252A(a)(1) by: uploading digital images to a Yahoo photo album, and transmitting the images using Google Hello.  The Government is not required to specify in the Indictment which

---

[4] The First Circuit has not ruled on whether, in the context of child pornography cases, possession is a lesser included offense of transportation or receipt.  There is some authority that convictions of receiving and possessing the same image constitute double jeopardy.  *See United States v. Irving*, 554 F.3d 64, 76 (2nd Cir. 2009).  This is an issue, however, that the Court cannot resolve on a motion to dismiss.

of the two means, uploading or transmitting, the crime of transporting child pornography was committed. *Schad*, 501 U.S. at 631. Count six's allegation of transportation is permissible. Fed. R. Crim. P. 7(c)(1) ( "A count may allege that… the defendant committed [the offense] by one or more means."). Furthermore, count six cites 18 U.S.C. § 2252A(a)(1) and tracks its language.

Count six is not duplicitous.

### E.  Improper Venue

Mr. Cameron's final argument is that counts twelve, thirteen, and sixteen of the Indictment should be dismissed for improper venue. He alleges that he was not present in the state of Maine on the dates these offenses were alleged to have occurred and he could not have committed the offenses alleged in the Indictment.

The Government need only demonstrate by a preponderance of the evidence that venue is proper in the district in which the indictment was returned. *United States v. Scott*, 270 F.3d 30, 34 (1st Cir. 2001). The determination of proper venue in a criminal case requires a determination of where the crime was committed. Fed. R. Crim. P. 18; *United States v. Cores*, 356 U.S. 405, 407 (1958). "[W]here a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done." *United States v. Lombaro*, 241 U.S. 73, 77 (1916). In such instances, venue is proper in any district in which the offense was started, continued, or completed. 18 U.S.C. § 3237(a); *United States v. Rodriquez-Moreno*, 526 U.S. 275, 279-81 (1999).

The fact that Mr. Cameron claims to have been out of state on these dates may ultimately provide a defense to these charges, but it does not preclude a finding that venue in the district of Maine is proper. The Indictment contains allegations connecting the criminal activity forming the basis of this Indictment - uploading, storing, or sharing illegal images - with IP addresses

7

associated with the Cameron residence in Hallowell, Maine. The Indictment alleges that the computers seized from the Defendant's Maine residence contained evidence of illegal activity. Accordingly, the images moved into Maine at some point and venue in this district is proper. *See United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009) (for purposes of child pornography offenses, venue is appropriate in the jurisdiction into which the images moved); *see also United States v. Royer*, 549 F.3d 886, 895 (2nd Cir. 2008) ("Receipt of electronic transmissions in a district is sufficient to establish venue activity there.").

### III. CONCLUSION

The Court DENIES the Defendant's Motion to Dismiss Counts of the Indictment (Docket # 28).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 25nd day of September, 2009