UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-09-24-B-W |
| | ) | |
| JAMES CAMERON | ) | |

**ORDER ON MOTION TO AMEND COURT ORDER ON DEFENDANT'S MOTIONS FOR DISCOVERY**

On February 11, 2009, a federal grand jury indicted James Cameron for transporting, receiving, and possessing child pornography in violation of federal criminal law. *Indictment* (Docket # 3). After Mr. Cameron moved for discovery and the Government responded, Mr. Cameron moved for additional discovery, requesting, among other things, access to the laptop computers used by law enforcement officers to perform on-site examinations of the Cameron home computers during the search of the Cameron residence. *Def.'s Reply to Gov't's Mem. in Resp. to Def.'s Mot. for Disc. and Def.'s Mot. for Additional Disc.* (Docket # 57) (*Def.'s Reply*). The Government did not respond to Mr. Cameron's motion for additional discovery.

In his motion for additional discovery, Mr. Cameron demanded access to "the original laptop computers." *Id.* at 8. Mr. Cameron said that Detective Laurie Northrup of the Maine Computer Crimes Unit confirmed that the officers who executed the search warrant on the Cameron home accessed his home computers by using their own laptop computers. *Id* at 7-8. He said that his expert Thomas Fahey would testify that this method of gaining access ran the risk of contaminating the Cameron computers and he requested access to the officers' laptops to allow his expert to examine them. *Id* at 8.

As the Government had not responded to this discovery request, the Court was at a disadvantage and after observing that Mr. Cameron's representations were sufficient to grant the request for access, the Court went on:

> However, the Court assumes that the information on the officers' laptops is not exclusively devoted to Mr. Cameron's case and further may contain images the distribution of which is limited by 18 U.S.C. § 3509(m). The Court preliminarily orders the Government to provide the Defendant's expert access to the laptops under such terms as are consistent with maintaining the privacy of unrelated law enforcement investigations and with the restrictions of § 3509(m). The parties are free to supply the Court with additional information on this issue and to seek an amended order.

*Order on Mot. for Disc. and Mot. for Additional Disc.* at 17 (Docket # 84) (*Order*).

On November 2, 2009, the Government moved to amend the Order. In sum, it represented:

> [I]t appears that only one laptop that might have been used during the search of Defendant's residence is still available; that it contains no references to this case or to the date of the search; and that it contains substantial other information that is inappropriate for disclosure to Defendant.

*Gov't's Mot. to Amend Court Order on Def.'s Mot.'s for Disc.* at 3 (Docket # 86). The Government asked the Court to amend its order "to indicate that the Government has satisfied its obligation to produce information from and about the laptops used during the search of Defendant's residence, and that no further disclosure is required." *Id.*

Mr. Cameron objected. *Def.'s Opp'n to Mot. to Amend Order on Mot. for Disc.* (Docket # 90). Mr. Cameron recited the reasons in his original request for access to the laptops, which generated the Court's discovery order in the first place. *Id.* He then acknowledged:

> Obviously, if the government cannot comply with the Order because its agents failed to keep records of its investigation and preserve the evidence, and this state of affairs is disclosed to the defense, absent evidence that the government's agents are being untruthful, the quest for access to the laptops ends there.

2

*Id.* at 2. He mentioned that there may be "consequences . . . during trial" for the Government's failure to preserve the evidence. *Id.* All the same, he argued that the Government should not be "released by the Court from its obligation to provide discovery and to preserve evidence because to do so may undermine the ability of the defense to capitalize on the investigatory shortcomings by the Computer Crimes Unit." *Id.* at 2-3. On November 24, 2009, the Government replied, essentially explaining why its investigation complied with standard protocols and why no adverse inference should be drawn from its agents' failure to preserve the laptops. *Gov't's Reply in Support of Mot. to Amend Disc. Order* (Docket # 94).

From the Court's perspective, though framed as an argument about discovery, the parties are really testing whether there will be, as Mr. Cameron promised, "consequences" at trial. This is a matter beyond the scope of the discovery order, and to be clear, the Court is not in a position to rule on the reasonableness of the Government's protocol, whether there will in fact be, as Mr. Cameron asserted, "consequences . . . during trial," and, if so, what the consequences will be.

Instead, the parties are engaged in a discovery dispute that is not all that uncommon. Following an order to produce a thing, the responding party tells the inquiring party that it does not possess any such thing. If the inquiring party accepts the explanation, this ends the matter. If the inquiring party wishes to test the truthfulness or adequacy of the response, he may move the court to compel compliance with the order.

Here, anticipating Mr. Cameron's disgruntlement, it is the Government which has returned to the Court and represented that it does not have the object, and wishes the Court to relieve it of the obligation to produce things it does not possess or cannot legally give. In turn, the Defendant says that the Government's inability to comply with the discovery order does not mean the order should be amended. It only means that the Government cannot comply.

3

The Court views the Government's motion as akin to a motion for protective order under Rule 16(d)(1). Fed. R. Crim. P. 16(d)(1). The Government seeks to be relieved of its immediate legal obligation under Rule 16(c) to produce objects over which it has no possession, custody or control or, as regards the one laptop, for which providing access would violate federal law. 18 U.S.C. § 3509(m). Here, there is no suggestion that the Government will come into possession of the laptops, which would call into play the continuing duty to disclose under Rule 16(c), or that the one remaining laptop does in fact contain evidence material to the defense, which would call into play the provisions of Rule 16(a)(1)(E). Fed. R. Crim. P. 16(c) & 16(a)(1)(E). Obviously, if either premise turns out to be erroneous, the Government would have the discovery obligations set forth in the Rules.

Technically, from the Court's perspective, the Order as written does not need to be amended. The Order is premised on the assumption that the Government had "possession, custody or control" of the laptops within the meaning of Rule 16(a)(1)(E), and if it does not, no more need be said; as regards the one remaining laptop, the Order required the Government "to provide the Defendant's expert access to the laptops under such terms as are consistent with maintaining the privacy of unrelated law enforcement investigations and with the restrictions of § 3509(m)." *Order* at 17. Nevertheless, as the Government is properly at pains to comply with court orders and wishes to gain a judicial imprimatur on its failure to produce what the Order contemplates, the Court appreciates the Government's cautious approach in bringing the question of compliance to its attention and sees no possible harm in relieving the Government of the obligation to produce things it does not have or would be illegal for the Defendant to possess.

To assuage Mr. Cameron's concern, this amended order does not prejudice his defense. Mr. Cameron may still question the Government's failure to preserve what he contends is critical

investigative evidence, and if he later determines that the Government's representations leading to this amended order are erroneous, he is free to bring the newly discovered evidence to the Court's attention. In sum, the amended order does nothing to affect the parties' right to argue in due time about the impact, if any, of the earlier Court Order, and the Government's acknowledged inability for both practical and legal reasons to comply with it.

The Court GRANTS the Government's Motion to Amend the Court Order on Defendant's Motions for Discovery (Docket # 86). The Order is amended as follows:

Following issuance of the Order on Defendant's Motions for Discovery (Docket # 84), the Government represented that it does not have possession, custody or control of the laptops the Court ordered the Defendant be given access to and, as regards the one relevant laptop it does possess, that the laptop contains no evidence material to the defense and does contain images of child pornography not related to this case and protected from disclosure by 18 U.S.C. § 3509(m). Accordingly, the Court amends the Order to reflect that the Government is not obligated to produce objects over which it has no possession, custody or control, and that the Government is not obligated to produce the laptop that contains no evidence material to the Defendant's case and that does contain evidence restricted under 18 U.S.C. § 3509(m). This amendment does not relieve the Government of its Rule 16(c) obligations under the original Order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2009