# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Cr. No. 09-24-B-W |
| JAMES CAMERON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
## SEEKING EXCLUSION OF DIGITAL IMAGES AND RELATED
## MATERIALS DERIVED FROM YAHOO!, GOOGLE AND NCMEC SOURCES

### Preliminary Statement

The Government respectfully submits this memorandum of law in opposition to the

motion in limine of defendant James Cameron to exclude digital images and related materials

derived from Yahoo!, Google and NCMEC (i.e., the National Center for Missing and Exploited

Children), and for oral argument (Docket # 127, "Motion").[1]  Defendant's motion should be

denied without oral argument because, at trial, the Government will establish that the evidence

he seeks to exclude is relevant, admissible, and neither testimonial nor hearsay.  The

Government will also call competent witnesses to properly authentic and introduce the evidence.

For these reasons, and others set forth below, defendant's motion should be denied.

### Background

Counts 1-6, 11 and 14 charge the defendant with uploading child pornography ("CP")

---

[1]     The Motion exceeds Local Rule 147's 20-page limit.   Defense counsel is aware of
the local rule and has been admonished to "keep ... filings within the page limits set out in the
local rules and to request any enlargements only in those special circumstances that truly require
additional pages ... made sufficiently in advance of the due date to permit the court's meaningful
review of the request, [lest] excess-page filing[s] be[] stricken without opportunity to refile."
See United States v. Shinderman, Cr. No. 05-67-P-H, Docket # 103.

from a computer at his residence to Yahoo! photo albums and briefcases using Login (or screen)

names he created as follows:

| Count | Date | Activity |
|---|---|---|
| 1 | 7/10/2006 | caitlinsadoll69 uploads CP images to  photo album |
| 2 | 9/7/2006 | sarahsmilesuk uploads CP images to  photo album |
| 3 | 12/6/2006 | lilhottyoh upload CP to photo album (images) and briefcase (videos) |
| 4 | 3/10/2007 | lilhottyohh uploads CP images to photo album |
| 5 | 5/8/2007 | lilkimmy0000 uploads CP images to  photo album |
| 6 | 6/12/2007 | lilhottee0000 uploads CP to photo album (images) and briefcase (videos) |
| 11 | 7/26/2007 | lilhottee00000 uploads CP images to  photo album |
| 14 | 8/22/2007 | harddude0000 uploads CP images to  photo album |

As part of its evidence to prove the uploads, the Government will offer Yahoo! and

NCMEC records.  The Yahoo! records include: (1) receipts reflecting information about its

CyberTipline referrals to the NCMEC ("Receipts")(see Government Exhibit ("GX") 1,  filed

herewith); "Yahoo! Account Management Tool[s]" reflecting information associated with

defendant's login names ("Tools")(see GX 2, filed herewith); and (3) e-mails, address books,

friends lists and other data associated with the Login names. The Government anticipates that the

evidence will show that Receipts, Tools, address books and friends lists contain: (1) information

provided to Yahoo! by the user, (2) computer-generated and captured information, and (3) dates

and times of upload activity as captured by computers and observed by Yahoo! employees.

Receipts reflect screen names, email addresses, IP addresses, URL, dates, times, login

times, "LAT Filename[s]" (i.e., numerical filenames randomly assigned by a Yahoo! computer

server to images and videos uploaded to the Yahoo! photo albums and briefcases) and "Original

Filename[s]" (i.e.,  the filenames associated with the original uploaded images and videos).  See

GX 1.  The list of LAT and Original Filenames was computer generated.  Tools reflect computer

generated information regarding the creation, deactivation and login activity associated with

certain login names as well as identifying information that was submitted to Yahoo! by the user. Address books and friends lists contain screen names and address information.  See  GX 2.

The Government will also offer images and associated filenames it obtained from Yahoo! pursuant to a Section 2703 warrant.  See 18 U.S.C. § 2703.  The evidence will show that at the time of the execution of the search warrant, the images uploaded by the defendant as alleged in Counts 3 (lilhottyoh), 4 (lilhottyohh), 6 (lilhottee0000), 11 (lilhottee00000) and 14 (harddude0000) were still on Yahoo! computers and associated with the LAT Filenames reflected on the Receipts.  Finally, the Government will offer Yahoo! e-mails associated with the Login names obtained by the warrant.

The NCMEC records consist of redacted NCMEC CyberTipline Reports (see GX 3, redacted copy filed herewith) that will be offered to confirm the date, time and circumstances of the uploads as reported to the NCMEC by Yahoo! as well as to establish a chain of custody for the images and associated filenames reported by Yahoo!.

Counts 6-9 and 12-13 charge the defendant with sending and receiving CP while using a Google Hello chat program using computers that were seized from his residence as follows:

| Count | Date | Activity |
|---|---|---|
| 6 | 6/12/2007 | daddydearest123 sent CP from desktop to Angiebii |
| 7 | 6/12/2007 | daddydearest123 received CP on desktop by from Angiebii |
| 8 | 6/13/2007 | daddydearest123 sent CP from desktop to Mikyfrench |
| 9 | 6/13/2007 | daddydearest123 received CP on desktop from bollo252000, mikyfrench & redgum77 |
| 12 | 8/11/2007 | littlehottee0000 sent from laptop to Kinkybink |
| 13 | 8/11/2007 | littlehottee0000 received on laptop from Kinkybink |

As part of its evidence to prove the Google Hello chats, the Government will offer computer generated connection logs obtained by warrant from Google.  See GX 4, filed herewith.

## ARGUMENT

## DEFENDANT'S MOTION SHOULD BE DENIED

The defendant contends that the Yahoo!, NCMEC and Google records should be excluded pretrial because: (1) their admission would violate the defendant's rights under the Confrontation Clause (Motion, pp. 12-17, 22-23); (2) they are not admissible as business or public records (Id., pp. 17-18), and (3) the Government will not properly authenticate them.  Id. For the reasons set forth below, defendant's motion should be denied.

### A.   **Applicable Law**

#### 1.   **Motions in Limine**

The primary purpose of a motion in limine is to prevent prejudice at trial either (1) by precluding an opponent from mentioning potentially inadmissible evidence in his opening statement, or eliciting such evidence from a witness until the court has had the opportunity to rule on its admissibility, or (2) by procuring a definitive ruling on the admissibility of evidence at the outset of the trial.  See Annot., 63 A.L.R.3d 311 (1975); 21 Wright & Graham, Federal Practice and Procedure, § 5037, p. 193-94 (1977).  Under federal law, motions in limine are generally disfavored.  Scarboro v. Travelers Ins. Co., 91 F.R.D. 21, 22 (E.D. Tenn. 1981). "Orders in limine  which exclude broad categories of evidence should rarely be employed.  A better practice is to deal with questions of admissibility of evidence as they arise."  Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975).

#### 2.   **Confrontation Clause**

The Confrontation Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to be confronted with witnesses against him." U.S. Const. Amend. VI.

In <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), the Supreme Court held that "a declarant's 'testimonial' out-of-court statement is not admissible under the Confrontation Clause unless (1) the declarant testifies, or (2) the defendant had a prior opportunity for cross-examination and the declarant is unavailable, or (3) the evidence is admitted for purposes other than establishing the truth of the matter asserted." <u>United States v. Maher</u>, 454 F.3d 13, 19-20 (1ˢᵗ Cir. 2006) (citations omitted).  In <u>Crawford</u>, the Court did not fully define the term "testimonial," but stated, that "[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations."  541 U.S. at 68. The Court, however, gave two examples of "statements that by their nature were not testimonial" -- business and public records.  <u>Id</u>. at 56; <u>see also</u> <u>id</u>. at 76 (Rehnquist, C.J., concurring in judgment) (noting that "the Court's analysis of 'testimony' excludes the hearsay exceptions for business and official records").

Under <u>Crawford</u>, courts analyze two threshold issues: (1) whether the out-of-court statement at dispute is hearsay; and (2) whether the out-of-court statement at dispute is testimonial.  <u>United States v. Earle</u>, 488 F.3d 537, 542 (1ˢᵗ Cir. 2007).  The Confrontation Clause only "applies to witnesses against the accused – in other words, those who bear testimony." <u>Davis v. Washington</u>, 547 U.S. 813, 823-24 (2006) (quoting <u>Crawford</u>, 541 U.S. at 51). "Not all hearsay implicates the 6th Amendment's core concerns." <u>Crawford</u>, 541 U.S. at 51. Rather, the proffered evidence must be testimonial in nature.  <u>See</u> <u>e.g.</u> <u>Davis</u>, 547 U.S. at 823-24 (looking to the primary purpose of police questioning and responses to determine whether responses were testimonial).  Business records are patently non-testimonial.  <u>United States v. Munoz-Franco</u>, 487 F.3d 25, 38 (1ˢᵗ Cir. 2007).

In Melendez-Diaz v. Massachusetts, the Supreme Court held that admission of laboratory reports by a certificate of analysis, rather than through the live testimony of the laboratory analyst violated the Confrontation Clause. 129 S.Ct. 2527, 2542 (2009). The Court explained that the laboratory reports were testimonial because they were prepared for the purpose of providing evidence against the accused at trial.  129 S.Ct. at 2532.  The Court found that the certificates were similar to affidavits and fell within the "core class of testimonial statements" covered by the Confrontation Clause.  129 S.Ct. at 2532 (internal citation omitted). The Court further found that the affidavits were testimonial, and, thus, the analysts were witnesses for Sixth Amendment purposes. 129 S.Ct. at 2532.   The Court noted, however, that it "d[id] not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody ... must appear in person as part of the prosecution's case." 129 S.Ct. at 2532 & n. 1. Likewise, documents "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial ... are not testimonial."  129 S.Ct.at 2539-40. Likewise, documents "not made in anticipation of litigation[.] ... [but] simply a routine, objective cataloging of an unambiguous factual matter" are not testimonial.  United States v. Bahena-Cardenas, 411 F.3d 1067, 1075 (9th Cir.2005).

### 3.   **Hearsay**

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c).  A statement is "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion." Fed.R.Evid. 801(a).  "A declarant is a person who makes a statement." Fed.R.Evid. 801(b).  Data generated by a machine or computer is not hearsay

because it is not a statement of a person.  United States v. Washington, 498 F.3d 225, 228-29 (4th Cir. 2007); 4 Mueller & Kirkpatrick, Federal Evidence, § 380, at 65 (2d ed.1994) ("[N]othing 'said' by a machine ... is hearsay"); United States v. Hamilton, 413 F.3d 1138, 1142-43 (10th Cir.2005) (computer- generated "header" information (including the screen name, subject of the posting, the date the images were posted, and the individual's IP address) was not hearsay because no "person" was acting as a  declarant); United States v. Khorozian, 333 F.3d 498, 506 (3d Cir.2003) (automatically generated time stamp on a fax was not a hearsay statement because it was not uttered by a person); People v. Holowko, 109 Ill.2d 187, 486 N.E.2d 877, 878-79 (1985) ( "printout of results of computerized telephone tracing equipment is not hearsay evidence" but rather "a self-generated record of its operations") (citations omitted); Telewizja Polska USA, Inc. v. Echostar Satellite Corp., 2004 WL 2367740 (N.D. Ill. Oct. 15, 2004) (images and text posted on website offered to show what the website looked like on a particular day were not "statements" and therefore fell outside the reach of the hearsay rule); Perfect 10, Inc. v. Cybernet Ventures, Inc., 213 F.Supp.2d 1146, 1155 (C.D. Cal. 2002) (images and text taken from defendant's website not hearsay, "[t]o the extent these images and text are being introduced to show the images and text found on the websites, they are not statements at all-and thus fall outside the ambit of the hearsay rule.").  A "party's own statement, in either individual or representative capacity," is not hearsay.  Fed.R.Evid. 801(d)(2).

### 4.     Business and Public Records Hearsay Exceptions

Hearsay statements may not be admitted unless they fall within an exception or exclusion to the hearsay rules.  Fed.R.Evid. 802.  Under the business records exception, records kept in the course of regularly conducted business activity are admissible unless the circumstances indicate

lack of trustworthiness.  Fed.R.Evid. 803(6).[2]  Admissible business records include: (1)

telephone records, United States v. Innamorati, 996 F.2d 456, 485 (1st Cir. 1993); United States

v. Capozzi, 2005 WL 1027373, * 2 (D.Mass. May 3, 2005); (2) bank records, United States v.

Mulinelli-Navas, 111 F.3d 983, 989 (1st Cir. 1997); (3) computer generated loan histories, United

States. v. Moore, 923 F.2d 910, 914 (1st Cir. 1991); and (4) credit card collection memos

containing the substance of telephone calls purportedly made by a defendant to the credit card

company (business records and admissions), United States. v. Goodchild, 25 F.3d 55, 60-61 (1st

Cir. 1994).

 The foundational requirements for Rule 803(6) are: (1) [that] the declarant in the records

had knowledge to make accurate statements; (2) that the declarant recorded statements

contemporaneously with the actions which were the subject of the reports; (3) that the declarant

made the records in the regular course of the business activity; and (4) that such records were

regularly kept by the business.  United States v. Reilly, 33 F.3d 1396, 1413 (3rd Cir. 1994).

 It is unnecessary for the record's author or custodian to provide the foundational

evidence for the admission of a business record.  Fed.R.Evid. 803(6).  A qualified witness need

only be a person who can explain how a record was kept, not necessarily be the person who

---

[2] Fed. R. Evid. 803(6) provides: ("Records of Regularly Conducted Activity.-A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.").

actually prepared the record.  United States v. McGill, 953 F.2d 10, 14-15 (1st Cir.

1992)(assistant supervisor of bank's coupon collection center competent to lay foundation);

United States v. Patterson, 644 F.2d 890, 900-01 (1st Cir.1981); 4 J. Weinstein, Weinstein's

Evidence, ¶ 803(6)[02]; Wallace Motor Sales, Inc. v. American Motors Sales Corp., 780 F.2d

1049, 1061 (1st Cir.1985).  A witness is qualified if he is familiar with the record-keeping system

and can attest to the foundational requirements.  United States v. Console, 13 F.3d 641, 657 (3d

Cir. 1993).

It is unnecessary under Rule 803(6) for the proponent of a business record to produce or

identify the specific individual upon whose first-hand knowledge the record was based.  See 30B

Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Federal Rules of Evidence,

§ 7047 (2001).  Instead, "Rule 803(6) is based upon the realization that the dependability of

regular entries rests upon proof of a routine of making accurate records, rather than upon the

testimony of each participant that he himself was accurate.  Lack of personal knowledge of the

entrant or maker may be shown to affect the weight to be given to the record, but does not affect

its admissibility."  Id.; see also United States v. Duncan, 919 F.2d 981, 986 (5th Cir. 1990)

(recognizing that Rule 803(6) does not require the witness who lays the foundation "to be the

author of the record or be able to personally attest to its accuracy")(citations omitted).  Likewise,

Rule 803(6) does not require the business which has custody of the records to be the business

which actually created the records.  United States v. Doe, 960 F.2d 221, 223 (1st Cir.

1992)(invoice received from other company properly admitted).

Under the public records exception, an otherwise hearsay public record is admissible so

long as it sets forth "matters observed pursuant to duty imposed by law as to which matters there

was a duty to report." Fed.R.Evid. 803(8)(B).[3]  Under the so-called "law enforcement

exception," Rule 803(8)(B) retains the hearsay prohibition in criminal cases for any "matters

observed by police officers and other law enforcement personnel." Id.  Thus, as a general matter,

"police reports are inadmissible in a criminal case when offered by the prosecution." United

States v. Arias-Santana, 964 F.2d 1262, 1264 (1st Cir.1992).   The law enforcement exception

however, does not encompass routine, non-adversarial documents.  United States v. Dowdell,

595 F.3d 50, 70 (1st Cir. 2010)(police booking sheet admissible as a public record);  United

States v. Union Nacional de Trabajadores, 576 F.2d 388 (1st Cir.1978) (U.S. marshal's return

admissible); United States v. Trenkler, 61 F.3d 45, 59 (1st Cir.1995)("Rule 803(8) does not

necessarily prohibit the use of police records prepared in a routine non-adversarial setting that do

not result from subjective investigation and evaluation.")(citation omitted).

###   5.   **Authentication**

The foundational "requirement of authentication or identification as a condition

precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter

in question is what its proponent claims." Fed. R. Evid. 901(a); see also United States v. Ortiz,

966 F.2d 707, 716 (1st Cir. 1992)(noting Rule 901 "does not erect a particularly high hurdle," and

that hurdle may be cleared by "circumstantial evidence").  Rule 901(a) only requires the

government to make a prima facie showing of authenticity or identification "so that a reasonable

---

[3]        Fed.R.Evid. 803(8)(B) provides, in relevant part that "[t]he following are not
excluded by the hearsay rule, even though the declarant is available as a witness: ... Records,
reports, statements, or data compilations, in any form, of public offices or agencies, setting forth
... (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to
report, excluding, however, in criminal cases matters observed by police officers and other law
enforcement personnel ....).

juror could find in favor of authenticity or identification." United States v. Chu Kong Yin, 935

F.2d 990, 996 (9th Cir. 1991)(citation omitted); see also Lexington Ins. Co. v. Western

Pennsylvania Hosp., 423 F.3d 318, 328-29 (3d Cir. 2005) ("Once a prima facie case is made, the

evidence goes to the jury and it is the jury who will ultimately determine the authenticity of the

evidence, not the court.  The only requirement is that there has been substantial evidence from

which they could infer that the document was authentic."). Once the threshold showing has been

met, any questions concerning the genuineness of the item go to the weight of the evidence.

### B.    Discussion

#### 1.    **Yahoo! Records**

Yahoo! Receipts, Tools, address books and friends lists are neither testimonial nor

hearsay.  Unlike the recorded statement of a witness made during a police interrogation at issue

in Crawford, or the chemist's affidavits attesting to drug type, amount and purity at issue in

Melendez-Diaz, these Yahoo! records consist of routine information captured by a computer

reflecting the defendant's activities while on a Yahoo! server.  As such, the information is

similar to telephone or bank records and are not testimonial.  Like telephone records – which

reflect subscriber information and call activity -- and like bank records – which reflect account

holder information and transactional history -- the Receipts simply reflect the screen name, email

address, IP address and dates and times and filenames associated with particular uploads.   Like

the participation of a bank teller or back office employee in recording a bank account holder's

deposit and withdrawal activity, the involvement of a Yahoo! employee in recording the data

does not change the fact that the information is neither testimonial nor hearsay.

The images uploaded to the Yahoo! photo albums and briefcases were generated by a

digital camera; thus they cannot be considered testimonial or statements.  Similarly, the time and date stamps, IP addresses, URLs, and email addresses are computer generated and are not hearsay because they are not statements of a person.  Washington, 498 F.3d at 228-29.  The original filenames that consist of a series of numbers and letters are not statements.  To the extent that the filenames are descriptive, the Government will not offer those filenames as evidence of the truth of the matters they describe.  The table associating LAT Filenames to Original Filenames is also admissible.  The LAT Filenames are randomly assigned by computer and the computer created the table associating them and the Original Filenames appears to be computer generated.  Finally, the images and filenames received from Yahoo! pursuant to the search warrant are not hearsay because the are not statements of a person.

The information captured by the Yahoo! Account Management Tool reflecting statements by the user is not hearsay.  Fed.R.Evid. 801(d)(2).  Like telephone and bank records, the Tool reflects information associated with login names such as the registration IP address, the name and address input by the user, the activation and deactivation dates, and login activity associated with the login name (if still was available).  Because Yahoo! needs to differentiate between users, such information is the byproduct of  Yahoo!'s business activities, not created to prove some fact at a trial.  See Melendez-Diaz, 129 S.Ct. at 2539-40 (documents "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial ... are not testimonial."); Bahena-Cardenas, 411 F.3d at 1075 (documents "not made in anticipation of litigation[.] ... [but] simply a routine, objective cataloging of an unambiguous factual matter" are not testimonial).

The Yahoo! records are admissible as business records.  Business records are patently

non-testimonial. <u>Munoz-Franco</u>, 487 F.3d at 38; <u>Crawford</u>, 541 U.S. at 56.  Since, <u>Crawford</u>,

courts have found that the admission of similar business records does not violate the

Confrontation Clause.  <u>See</u> <u>United States v. Mashek</u>, 606 F.3d 922, 929-30 (8th Cir.

2010)(pseudoephedrine logs from stores showing defendant's purchases of pseudoephedrine

admissible); <u>United States v. Morgan</u>, 505 F.3d 332, 340 (5th Cir. 2007)(patient beneficiary

records admissible).   Like telephone or bank records, the Yahoo! records are admissible as

business records.  <u>See</u> <u>Innamorati</u>, 996 F.2d at 485 (telephone records); <u>Goodchild</u>, 25 F.3d at

60-61 (credit card collection memos); <u>Mulinelli-Navas</u>, 111 F.3d at 989 (bank records);  <u>Moore</u>,

923 F.2d at 914 (computer generated loan histories).

      Records admitted under Rule 803(6) must be prepared and maintained for business

purposes in the ordinary course of business and not for the purposes of litigation.  <u>Palmer v.</u>

<u>Hoffman</u>, 318 U.S. 109, 113-14 (1943).  Here, unlike the engineer's statement regarding a train

accident at issue in <u>Palmer</u>, the information contained in the Yahoo! records existed prior to any

litigation. <u>United States. v. Goodchild</u>, 25 F.3d 55, 60-61 (1st Cir. 1994).  That the information

might be later useful at a trial does not mean that it was prepared for the purposes of litigation.

<u>See</u>  <u>United States v. Feliz</u>, 467 F.3d 227, 231-32 and 235 (2d Cir.2006)(Although "practical

norms may lead a medical examiner reasonably to expect autopsy reports may be available for

use at trial, ... this practical expectation alone cannot be dispositive on the issue of whether those

reports are testimonial");  <u>United States v. Ellis</u>, 460 F.3d 920, 925 (7th Cir. 2006)(medical

records establishing presence of methamphetamine in defendant's system were nontestimonial

business records; even if medical records were created because of government investigation,

there was no indication that observations embodied in the medical records were made in

anything other than the ordinary course of business).

Statements attributable to the defendant in the Yahoo! records and emails are not hearsay. Fed. R. Evid. 801(d)(2)(A).  A party's own statement is directly admissible against him.  United States v. Matlock, 415 U.S. 164, 172 (1974) (A party's "own out-of-court admissions . . . surmount all objections based on the hearsay rule . . . and [are] admissible for whatever inferences the trial judge [can] reasonably draw."); Fed. R. Evid. 801(d)(2)(A) Advisory Committee Note ("A party's own statement is the classic example of an admission.).  The statements of others in the e-mails will not be offered for their truth, but as non-hearsay to supply context.  See, e.g., United States v. Burt, 495 F.3d 733, 738-39 (7th Cir. 2007) (in prosecution for sexual exploitation of a minor, distributing child pornography, and possession of child pornography, in Yahoo! chat communication involving the defendant and a third party found on the defendant's computer, the portion from the third party was admissible as non-hearsay and provided context to the conversation).  Such statements are also admissible as co-conspirator statements under Rule 801(d)(2)(E). See generally Bourjaily v. United States, 483 U.S. 171, 175 (1987).

At trial, the Government intends to call a competent witness to establish that the Yahoo! records were kept in the course of a regularly conducted business activity.  The witness will also testify that, pursuant to a warrant, Yahoo! produced, among other evidence, electronically stored, emails, address books, friends lists, and images and filenames that were associated with the uploads by as alleged in lilhottyoh (Count 3), lilhottyohh (Count 4), lilhottee0000 (Count 6), lilhottee00000 (Count 11) and harddude0000 (Count 14) and still resident on its computers with the same LAT Filenames reflected on the Receipts.  Fed.R.Evid. 901(b)(1) and 803(6).  It is

anticipated that the evidence will show that, when executing the warrants, Yahoo! technicians

retrieved all of the information associated with these screen names and that they did not

selectively choose or review the contents of the named accounts. United States v. Bach, 310 F.3d

1063, 1065 (8th Cir. 2002).

Defendant argues that a record custodian will not be sufficient to authenticate the

evidence received in response to the Section 2703 warrant.  Defendant cites no authority for his

argument, and the Government is unaware of any such authority.  On the contrary, just as a

record custodian may authenticate a business record even after it is seized by law enforcement

pursuant to a search warrant, a Yahoo! record custodian is competent to authenticate the disks

containing the images, filenames and other evidence that Yahoo! produced in response to the

Section 2703 search warrant order.  No more is required.

## 2.   NCMEC Records

The information contained in the NCMEC CyberTipline Reports, including information,

images and filenames referred to the NCMEC by Yahoo! are neither testimonial or hearsay.  See

GX 3.  The portion first two pages of the NCMEC report that the Government will offer consists

of routine information captured by computer reflecting the defendant's activities while on

Yahoo!.  As such, like telephone or bank records, they are non-testimonial.  Likewise images,

filenames and data generated by a computer are also not hearsay because they are not statements

of a person.  Washington, 498 F.3d at 228-29.  That the NCMEC reports disclaims any

representation of "the accuracy of information reported to itself," and "forwards all information

unedited to law enforcement agencies," "pursuant to its Congressional mandate" as reflected in

the disclaimer banner found on its front page is further evidence that the information in the

report that the Government will offer is not a statement of a NCMEC witness.

The NCMEC Reports are admissible as business records. As with the Yahoo! records, discussed above, the content of the business records is non-testimonial. Munoz-Franco, 487 F.3d at 38; Crawford, 541 U.S. at 56. In addition, the redacted NCMEC reports reflecting the information received from Yahoo! will be offered to establish the chain of custody of the evidence, images and filenames from Yahoo! to the NCMEC to the Maine State Police Computer Crimes Unit. Individuals whose testimony is relevant in establishing a chain of custody do not need to appear as witnesses. Melendez-Diaz, 129 S.Ct. at 2532. Moreover, Rule 803(6) does not require the business which has custody of the records to be the business which created the records. United States v. Doe, 960 F.2d 221, 223 (1st Cir. 1992)(invoice received from other company properly admitted). Thus, Yahoo! information reported to the NCMEC and maintained as a business record by the NCMEC is admissible as a business records.

The NCMEC Reports were not prepared for the purposes of litigation. Unlike the witness statement at issue in Palmer, the information contained in the NCMEC reports existed prior to any litigation. That information might be later useful at a trial does not mean that it was prepared for the purposes of litigation.

At trial, the Government will call a competent records custodian to establish that the NCMEC records were kept in the course of a regularly conducted business activity. Fed.R.Evid. 803(6). No more is required.

The Reports may also be admissible as public records. Fed.R.Evid. 803(8)(B). See United States v. Baker, 538 F.3d 324, 331 (5th Cir. 2008)(declining to decide whether a NCMEC report in a child pornography trial was admissible as a business record or public record).

Defendant describes the NCMEC is "a quasi-governmental agency."  Motion, p. 1.  The NCMEC operates under a federal mandate and receives funding – specifically to operate its CyberTipline – from the Child Protection Division of the Department of Justice's Office of Juvenile Justice and Delinquency Prevention.  42 U.S.C. §§ 5571 and 5773.  It must submit an annual report of its activities to the President and both houses of Congress.  42 U.S.C. § 5773.  It serves as a national resource center and clearinghouse, "works in partnership" with a number of agencies "in the effort to find missing children and prevent child victimization" and operates a national network with international links. 42 U.S.C. § 5773(9); but see Lazaridis v. U.S. Dept. of Justice, 2010 WL 2093405, p. 3 (D.D.C. 2010)(citation omitted)(NCMEC is not subject to action under Freedom of Information Act because it is a private entity).

Public records are admissible even if they have an incidental or secondary use in furthering a prosecution. In United States. v. Dowdell, the First Circuit recently held that a police booking sheet was admissible as a public record.  595 F.3d 50, 72 (1st Cir. 2010).  Because the booking sheet recorded information taken in a routine, non-adversarial setting, it raised little concern that suspicion of guilt will function as proof of guilt, the rationale that normally bars police reports from being admitted into evidence. Id.  In United States v. Caraballo, 2010 WL 297146, * 10 (11th Cir. Jan. 27, 2010), the Eleventh Circuit admitted as a public record a redacted copy of a immigration I-213 Form containing routine biographical information, such as the entrant's name, date of birth, place of birth, parents' names, height, weight, address, country of citizenship, and information concerning whether the entrant had an immigration visa.  Like a booking sheet and an I-213 Form, the NCMEC Report contains routine information prepared in a non-adversarial setting.

Since Crawford, courts have found that the admission of many types of public records do not violate the Confrontation Clause.  See United States v. Moore, 311 Fed.Appx. 957 (9th Cir. 2009) (documents from defendant's alien file admissible);  United States v. Burton, 249 Fed.Appx. 882 (2d Cir. 2007) (jail records containing inmates addresses admissible); United States v. Feliz, 467 F.3d 227, 231-32 (2d Cir.2006) (autopsy reports admissible);  United States v. Huete-Sandoval, 681 F.Supp.2d 136, 139-40 (D.P.R. 2010) (border crossing records kept by the U.S. Customs and Border Protection admissible); United States v. Lopez-Moreno, 420 F.3d 420, 437 (5th Cir. 2005) (computer printouts of passengers' deportations admissible).

### 3. Google Records

The Google records are neither testimonial nor hearsay.  See GX 4.  Like the Yahoo! records, the Google connection logs consist simply of routine information captured by computer reflecting the activities of daddydearest123 and lilhottee0000 over a Google server.  As such, the information is similar to telephone or bank records.   Like telephone records reflecting subscriber information and call activity, and bank records reflecting account holder information and transactional history, the Google connection logs simply reflect the userID, Username, email, service, registration date, last login and connection activity.  The information is neither testimonial nor hearsay as it is not a statement of a person.  Washington, 498 F.3d at 228-29.

The connection logs are admissible as business records.  These records were not prepared for the purposes of litigation, but simply reflect business activity being conducted over Google's servers.  That the information might be later used at a trial does not mean that it was prepared for the purposes of litigation.   At trial, the Government will call a competent records custodian to establish that the Google records were kept in the course of a regularly conducted business

activity that they were produced in response to a Section 2703 warrant.  Fed.R.Evid. 901(b)(1)

and 803(6).  No more is required.

### 4.  Defendant's Unsupported Claims

Defendant makes a variety of claims that are factually inaccurate and legally

unsupported, but that compel a response:

a.   Yahoo! did not engage in "warrantless 'data-mining' to "discover[]" the

CP images.  Motion, p. 7 & n. 5, p. 20 & n. 21.  Nor is Yahoo! is not a "collaborat[or] in a

government campaign against CP" nor an "agent," "partner" or "deput[y]" of law enforcement.

Motion, pp. 1, 19-21.  Yahoo! had a legal duty to report images depicting child exploitation to

the NCMEC and to both protect its own system and its customers.  42 U.S.C. § 13032(b)(1)

(now codified at 18 U.S.C. § 2258A); <u>Zeran v. America Online, Inc.</u>, 129 F.3d 327, 331 (4th

Cir.1997)(negligence action was brought against internet service provider alleging that provider

unreasonably delayed in removing defamatory messages posted by unidentified third party).

Yahoo!'s activities in discovering and reporting the uploads does not make it a Government

agent for Fourth Amendment purposes.  <u>United States v. Richardson</u>, 2010 WL 2340233, at * 8

(4th Cir. June 11, 2010).

b.   There is nothing "non-conventional" about a Section 2703 search warrant.

Motion, pp. 2, 14 & note 16.  18 U.S.C. § 2703(b) (requiring warrant, subpoena, or court order to

obtain "contents of any wire or electronic communication").

c.   Defendant alleges that Yahoo! and or NCMEC deleted "a substantial

number of non-CP images found in the relevant Yahoo! photo albums ... destroying exculpatory

evidence."  Motion, p. 7, n. 6.  Defendant does not identify the images he alleges were deleted or

explain how they would be exculpatory, and the Government is not aware of any.  To the extent

that defendant is claiming that Yahoo!'s inability to recover and produce pursuant to the Section

2703 search warrant the CP images uploaded as alleged in Counts 1 and 2 as a basis to assert that

Yahoo! destroyed evidence,

  Defendant's claim rings particularly hollow given what the evidence will show to be the

defendant's pervasive use of deletion (or wiping) software on his computers.

   e. NCMEC does not have a "government[al] role in the investigation and

prosecution of criminal conduct."  Motion, p. 21.  NCMEC is a clearing house of information

and does not investigate the accuracy of the complaints that it receives. United States v. Lapsins,

570 F.3d 758, 762 (6th Cir. 2009).  NCMEC also does not prosecute criminal conduct.

## CONCLUSION

  For these reasons, defendant's motion to exclude digital images and related materials

derived from Yahoo!, Google and NCMEC should be denied

  Dated in Portland, Maine this 13th day of July 2010.

      Respectfully submitted,

      THOMAS E. DELAHANTY II
      United States Attorney

      /s/ Donald E. Clark
      Donald E. Clark
      Gail Fisk Malone
      Assistant United States Attorneys

GX 1 - Yahoo! Receipts
GX 2 - Yahoo! Tool
GX 3 - NCMEC Report
GX 4 - Google Records

# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Cr. No. 09-24-B-W** |
| **JAMES CAMERON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2010, I electronically filed the Government's memorandum of law in opposition to the motion in limine of defendant James Cameron to exclude digital images and related materials derived from Yahoo!, Google and NCMEC with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Michael A. Cunniff, Esq.
McCloskey, Mina & Cunniff, LLC
12 City Center
Portland, ME 04101

                                THOMAS E. DELAHANTY II
                                United States Attorney

                                /s/ Donald E. Clark
                                Donald E. Clark
                                Assistant United States Attorney
                                United States Attorney's Office
                                100 Middle Street
                                Portland, Maine 04101
                                (207) 780-3257
                                donald.clark@usdoj.gov