UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-09-24-B-W |
| | ) | |
| JAMES M. CAMERON | ) | |

**ORDER ON MOTION FOR A PRETRIAL RULING
ON THE ISSUE OF VENUE**

Contending that he was in New York State on August 11, 2007, when the indictment alleges he received and transported child pornography, James Cameron seeks an order declaring that venue for those counts of the indictment is improper in the District of Maine. Because the Government contends that Mr. Cameron began the offenses of receipt and transportation while he was in the state of Maine and continued these offenses after he returned to Maine, the Court determines the venue in the District of Maine is proper and denies the motion.

## I.   STATEMENT OF FACTS

On February 11, 2009, a federal grand jury issued a sixteen count indictment against James M. Cameron, including violations of federal criminal prohibitions against the receipt and transportation of child pornography. *Indictment* (Docket # 3). Counts 12 and 13 allege

> On or about August 11, 2007, in the District of Maine, defendant JAMES M. CAMERON knowingly transported child pornography in interstate commerce by means of computer, specifically by transmitting digital images of child pornography using Google Hello, an Internet-based chat and file-sharing service. All in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2256(8)(A).

> On or about August 11, 2007, in the District of Maine, defendant
> JAMES M. CAMERON knowingly received child pornography that had
> been shipped and transported in interstate and foreign commerce,
> specifically by computer via Google Hello, an Internet-based chat and
> file-sharing service.  All in violation of Title 18, United States Code,
> Sections 2252A(a)(2) and 2256(8)(A).

*Id.* at 4-5.

On May 18, 2009, Mr. Cameron moved to dismiss several counts of the indictment, including Counts 12 and 13.  *Mot. to Dismiss Counts of the Indictment* (Docket # 28).  Mr. Cameron argued, because he was not in Maine on August 11, 2007, the date the offenses were alleged to have occurred, the Court should dismiss these two counts for improper venue.  *Id.* 10-12.  On September 25, 2009, the Court denied Mr. Cameron's motion stating

> The fact that Mr. Cameron claims to have been out of state on these
> dates may ultimately provide a defense to these charges, but it does
> not preclude a finding that venue in the district of Maine is proper.
> The Indictment contains allegations connecting the criminal activity
> forming the basis of this Indictment – uploading, storing, or sharing
> illegal images – with IP addresses associated with the Cameron
> residence in Hallowell, Maine.  The Indictment alleges that the
> computers seized from the Defendant's Maine residence contained
> evidence of illegal activity.  Accordingly, the images moved into Maine
> at some point and venue in this district is proper.  *See United States v.
> Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009) (for purposes of child
> pornography offenses, venue is appropriate in the jurisdiction into
> which the images moved) . . . ."

*Order on Mot. to Dis. Counts of the Indictment* at 7-8 (Docket # 81).

Mr. Cameron is undeterred.  On July 1, 2010, Mr. Cameron filed a second motion on the issue of venue with respect to Counts 12 and 13.  *Mr. Cameron's Mot. for a Pretrial Ruling on the Issue of Venue with Respect to Counts 12 and 13 with*

*Incorporated Mem. of Law* at 1 (Docket # 136) (*Def.'s Mot. on Venue*).  The Government responded and Mr. Cameron replied.  *Gov't Mem. in Opp'n to Def.'s Mot. for Pretrial Ruling on Venue* (Docket # 142) (*Gov't Opp'n*); *Mr. Cameron's Resp. to Gov't Mem. Opp'n to Def.'s Mot. for Pretrial Ruling on Venue* (Docket # 150) (*Def.'s Reply*.)

To support his motion, Mr. Cameron renews his claim that he was in New York City with his family on August 11, that the laptop computer on which the chat sessions were found was also in New York City, and that the laptop was shared by all family members.[1]  *Def.'s Mot. on Venue* at 4-5.  Mr. Cameron has posited new arguments, one of which is based on the contention that "all of the evidence, including the C[hild] P[ornography] images, relating to [Counts 12 and 13] was found exclusively in cache and/or unallocated space located in the hard drive of a laptop computer that was seized from the Cameron household in December 2007." *Id*. at 3.  He argues that "[m]ere possession of the alleged images in Counts 12 and 13 in cache and/or unallocated space in the District of Maine does not confer jurisdiction."  *Id*. at 7.  Finally, Mr. Cameron argues that "unlike the possession count, the criminal acts alleged in Counts 12 and 13 is receiving or transporting CP, acts that have a definite beginning and a definite end."  *Id*. at 6.  Mr. Cameron insists that because he was in New York City when the Government alleges he received or transported the child pornography, venue may be proper the Southern and Eastern District of New York, but not in the District of Maine.  *Id*. at 5-7.

---

[1] Mr. Cameron supplied an affidavit signed by Barbara Cameron, who was lawfully married to him in 2007, substantiating these factual allegations.  *Def.'s Mot. on Venue*, Attach. 1, *Aff. of Barbara Cameron*.

3

The Government responds that it has adequately established venue in the District of Maine in a number of ways.[2]  *Gov't's Opp'n.*  Specifically

> 1)  The on-line identity used for the Google Hello chat on August 11 was created in Maine and used here both before and after the New York chats; 2) some of the images transmitted from the Cameron laptop computer during the Google Hello chat on August 11, 2007, were resident on the computer *in Maine* before they were traded during [the] Google chat in New York; 3) a substantial portion of the images transmitted from and received by the Cameron laptop during the August 11 Google Hello chat in New York were resident on a Cameron computer *in Maine* on August 22; and 4) evidence of the chat sessions and the images was resident on the Computer in Defendant's residence on December 21, 2007.

*Id*. at 3-4.  The Government argues that this evidence demonstrates that

> images of child pornography were stored on the computer when it was carried from Maine to New York in late July, 2007; that additional images were obtained while it was in New York; that those images were stored on the computer when it was carried from New York back to Maine in mid-August; and that those images were still stored on the computer at the time of the search.

*Id*. at 4.  With regard to Mr. Cameron's argument that finding illegal images in a Google Hello cache in the state of Maine is not enough to confer venue in the District of Maine, the Government asserts that the evidence suggests that the pornographic images traded during the chat session in New York were still accessible to the user, and that the images were in fact accessed after the laptop computer returned to Maine.  *Id*. at 4-5.  Finally, the Government argues that evidence of elimination software found on the laptop computer supports an inference that Mr. Cameron knowingly possessed data found in cache files.

---

[2] Although the Government claims that the Court's earlier order disposed of Mr. Cameron's argument, Mr. Cameron's previous motion was a motion to dismiss, not a motion for change of venue, a distinction that makes a difference for purposes of the binding effect of the Court's earlier ruling.

Mr. Cameron replies by arguing that the First Circuit "has held that discovery and investigation of a crime in a different jurisdiction from the one in which the crime happened did <u>not</u> confer venue in the second jurisdiction because the crime began and ended in another jurisdiction." *Def.'s Reply* at 2 (citing *United States v. Salinas*, 373 F.3d 161, 163-64 (1st Cir. 2004)).   The Court held oral argument on July 29, 2010.

## II.   DISCUSSION

Under the United States Constitution, a criminal defendant has a constitutional right to be tried "in the State where the . . . Crimes shall have been committed." U. S. Const. art. III, § 2, cl. 3.  The "burden of showing proper venue is on the government, which must do so by a preponderance of the evidence." *United States v. Scott*, 270 F.3d 30, 34 (1st Cir. 2001).   Proper venue in a criminal case requires a determination of "where the offense was committed."  Fed. R. Crim. P. 18; *United States v. Cores*, 356 U.S. 405, 407 (1958).   Where a federal criminal statute does not explicitly state where an offense is deemed to have been committed, the site of a charged offense "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 5 (1998) (internal citation and quotation marks omitted); *Scott*, 270 F.3d at 35.   In addition, "where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done." *United States v. Lombaro*, 241 U.S. 73, 77 (1916); *Scott*, 270 F.3d at 35.   Under federal statute, venue is proper in any district in which the offense was "begun,

continued, or completed."  18 U.S.C. § 3237(a);[3] *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279-81 (1999).

Mr. Cameron urges a distinction between possession of child pornography and the transportation and receipt offenses that have been charged.  He acknowledges that venue would be proper in Maine for the possession counts since even if he received or transported child pornography in New York State, the Government alleges that he physically removed the laptop computer back to Maine; thus, under the Government's allegation, he continued to possess the pornography in this District.  However, he says that the receipt and transportation counts are different because they presuppose a single act – receipt or transportation – and those acts, if they occurred, must have taken place in New York, not Maine.

According to the Government, however, the offenses for both the receipt and transportation counts started in Maine when the on-line identity for the Google chats was created and where some the images transmitted on August 11 were uploaded.  Setting up a chat account and uploading images in Maine are "act[s] in furtherance of the charged offense" of transmitting child pornography such that venue is proper in Maine.  *United States v. Svoboda*, 347 F.3d 471, 483 (2nd Cir. 2003) (stating "venue is proper in a district where [] the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur in the district

---

[3] 18 U.S.C. § 3237(a) provides:

> Except as otherwise expressly provided by the enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun continued or completed.

of venue . . . ."); *see also United States v. Chen*, 378 F.3d 151, 160 (2d Cir. 2004) (venue of prosecution for extortionate loan collection was proper in district where loan initiated, even though extortionate collection occurred outside that district). The offense continued in Maine when images received during the August 11 chat were transported into this state and "uploaded to the internet on August 22 by a computer using the IP address registered to the Cameron residence." *Gov't's Opp'n* at 3; *see United States v. Kapordelis*, 569 F.3d 1291, 1308 (11th Cir. 2009) (venue proper in the district into which the images and the camera containing child pornography moved); *see also United States v. Jang*, No. 1:07cr52, 2007 U.S. Dist. LEXIS 95347 (S.D. Ind. Dec. 27, 2007) (venue statutorily authorized in the district into which child pornography was transported).   The transportation of the pornographic images into Maine is sufficient to establish venue in the District of Maine.

Finally, this offense, a child pornography offense, is different in kind from the fraud offense in *Salinas*.   "[F]ederal obscenity laws, by virtue of their inherent nexus to interstate and foreign commerce, generally involve acts in more than one jurisdiction or state." *United States v. Thomas*, 74 F.3d 701, 709 (6th Cir. 1995) (discussing 18 U.S.C. § 1465).[4]   Many courts recognize that "venue for federal obscenity prosecution lies in any district from, through, or into which the allegedly obscene material moves." *Id.* (internal quotation marks omitted) (citing cases); *see also United States v. Langford*, 688 F.2d 1088, 1094 (discussing 18 U.S.C. §§ 2251,

---

[4] Child pornography is considered an obscenity offense. *See generally United States v. Langford*, 688 F.2d 1008, 1092-94 (7th Cir. 1982).

2252).   Several jurisdictions have held that § 3237(a) may be used to establish venue under § 2252.  *United States v. Katz*, Criminal No. 96-20027-001, 1997 U.S. Dist. LEXIS 24046, at *4 (W.D. La. Jan. 16, 1997) (citing cases).   In *Katz*, the defendant made an argument similar to Mr. Cameron, and argued that venue is not proper because the crime of "receiving" a visual depiction is a singular act, not an ongoing event that constitutes a 'continuing offense' under § 3237(a).   *Id*. at *3.  The *Katz* Court disagreed, noting that § 3237(a) clearly states that any offense involving the use of mails is a continuing offense.   *Id*.   Under § 3237(a), venue for child pornography prosecution lies in any district from, through, or into which the child pornography moves.  Because the offenses of transportation and receipt took place in part in Maine, venue is proper in this District.

## III.   CONCLUSION

The Court DENIES Defendant's Motion for a Pretrial Ruling on the Issue of Venue with Respect to Counts 12 and 13 (Docket # 136).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of August, 2010

8