UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-00024-JAW |
| | ) | |
| JAMES M. CAMERON | ) | |

**ORDER ON MOTION FOR RELEASE PENDING APPEAL**

On April 5, 2011, pursuant to 18 U.S.C. § 3145(c), James Cameron moved to be released from custody pending his appeal to the First Circuit Court of Appeals of the Court's guilty verdict and sentence.[1]  *Def.'s Mot. for Release Pending Appeal* (Docket # 245) (*Def.'s Mot.*).  This is Mr. Cameron's third motion for release.  On August 23, 2010, the date of the guilty verdict, the Court denied his oral motion for release and on November 24, 2010, the Court denied a written motion for reconsideration of the denial of his motion for release pending the imposition of sentence.  *Oral Mot. for Release* (Docket # 184); *Oral Order Denying Oral Mot. for Release* (Docket # 185); *Mot. for Recons. of the Ct.'s Denial of the Defense Mot. for Post-Verdict Release* (Docket # 206); *Order*.

Mr. Cameron's current motion raises only one issue that the Court did not address in its November 24, 2010 Order.  Regarding the cooperation factor in *United States v. Garcia*, 340 F.3d 1013, 1019–20 (9th Cir. 2003), he asserts that the

---

[1] The Court gains the authority to release an individual pending appeal under 18 U.S.C. § 3141(b). The standards for doing so are set forth in 18 U.S.C. § 3143(b).  However, because of the nature of Mr. Cameron's crime, he is subject to mandatory detention.  18 U.S.C. § 3143(b)(2), 3142(f)(1)(A); *see Order Denying Def.'s Mot. for Recons. of the Ct.'s Denial of the Defense Mot. for Post-Verdict Release* at 4-5 (Docket # 215) (*Order*).  Mr. Cameron properly recognizes that the sole statutory authority for his release pending appeal is found in 18 U.S.C. § 3145(c).

"[t]rial Court misapplied this consideration by viewing it as a potential <u>reward</u> for helping the government." *Def.'s Mot.* at 18 (emphasis in original). Mr. Cameron stresses that the *Garcia* cooperation factor allowing for release pending appeal is not appropriately viewed as a benefit for cooperating with the Government; rather, it is intended to consider a defendant's vulnerability in prison resulting from cooperation. *Id.* Mr. Cameron says that his long term employment as a state prosecutor, although not cooperation in the classic sense, makes him extremely vulnerable in prison and calls this *Garcia* factor into play. *Id.*

The Court disagrees that the *Garcia* government cooperation factor applies. First, to be clear, the Court did not misapply this factor in its November 24, 2010 Order. Although Mr. Cameron cited *Garcia* in his Reply to the Government's opposition to his October 15, 2010 motion for reconsideration and listed government cooperation among its eight factors, *see Reply to Opp'n to Mot. for Recons. of the Ct.'s Denial of Mot. for Post-Verdict Release* at 5, (Docket # 213), he did not further address this factor, nor did he make his current argument in his earlier motion. In its Order, the Court ran through each of the *Garcia* factors and touched on the government cooperation factor; it merely noted that "Mr. Cameron has not been uncooperative, but he cannot be characterized as having been 'unusually cooperative' with the Government." *Order* at 10. In other words, the *Garcia* government cooperation factor did not apply to Mr. Cameron because he had not cooperated with the Government. *See United States v. Bonczek*, No. 08 Cr 361(PAC), 2009 U.S. Dist. LEXIS 87782, at *10 (S.D.N.Y. Sept. 8, 2009) ("Mr.

2

Bonczek has every right to challenge the evidence against him and take his case to trial, but having done so, he cannot argue that he has been cooperative.").

Furthermore, Mr. Cameron's argument misconstrues *Garcia*. As the *Garcia* Court explained, the "district court also may consider whether the defendant has been unusually cooperative <u>with the government</u>." *Garcia*, 340 F.3d at 1021 (emphasis supplied). As the *Garcia* Court explained, the lynchpin of the government cooperation factor is that by cooperating with the government, the defendant may be rendered "exceptionally vulnerable to injury in prison." *Id.*; *see also United States v. Mitchell*, 358 F. Supp. 2d 707, 708 (E.D. Wis. 2005) (releasing a defendant pending appeal where among other factors the "defendant fully cooperated with the government" and the government filed a U.S.S.G. § 5K1.1 motion). At the same time, the *Garcia* Court observed that "[t]he general rule must remain that conviction for a covered offense entails immediate incarceration. Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal." 340 F.3d at 1022.

Mr. Cameron's asserted vulnerability in prison was not caused by his cooperation with the Government. To accept Mr. Cameron's argument—that his extreme vulnerability in prison due to his prior employment amounts to cooperation with the Government—would transform the *Garcia* cooperation factor into a more generalized "extreme vulnerability in prison" factor, a result much broader than *Garcia* contemplates. The *Garcia* Court itself stated that "[w]e do not suggest, of

3

course, that all vulnerable persons are entitled to have the imposition of their sentences delayed." *Id.*

Even if Mr. Cameron's cooperation argument were accepted, the Court would not alter its earlier determination. For the same reasons set forth in the Court's November 24, 2010 Order, the Court concludes that James Cameron has not demonstrated "exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

The Court DENIES the Defendant's Motion for Release Pending Appeal (Docket # 245).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2011