UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES M. CAMERON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09-cr-00024-JAW |
| | ) | 1:17-cv-00275-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner James M. Cameron moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 355.) Petitioner was originally convicted on thirteen counts of child pornography-related offenses. (Judgment, ECF No. 241.) Although the First Circuit reversed the conviction and vacated the sentence on six of the counts, *see United States v. Cameron*, 699 F.3d 621, 654 (1st Cir. 2012), the First Circuit affirmed the 165-month sentence imposed at Petitioner's 2014 sentencing on the seven remaining child pornography counts.[1] *United States v. Cameron*, 835 F.3d 46, 48 (1st Cir. 2016).

In Petitioner's section 2255 motion, he contends he is entitled to a reduction in the sentence based on Amendment 801 of the United States Sentencing Guidelines.

---

[1] Following the First Circuit's decision to vacate, Petitioner fled the state of Maine, and he later pled guilty to one count of criminal contempt. *United States v. Cameron*, 835 F.3d 46, 48 (1st Cir. 2016).

(Motion at 4-8.) Amendment 801 amended USSG § 2G2.2(b)(3)(B), among other sections. USSG App. C. Supp. (Nov. 1, 2016).

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend that the Court grant the Government's request, and dismiss Petitioner's motion.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 11, 2009, a federal grand jury returned a sixteen-count indictment charging Petitioner with knowingly transporting, receiving, and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(1), (a)(2), and (a)(5)(B). (Indictment, ECF No. 3.) The Government dismissed Count 16 before trial. (Order, ECF No. 183.) After a six-day bench trial in August 2010, the Court acquitted Petitioner of Counts 2 and 8 and found him guilty of the remaining thirteen counts. (Verdict, ECF No. 179; Minute Entry, ECF No. 178.) In March 2011, the Court sentenced Petitioner to a total of 192 months in prison, to be followed by ten years of supervised release. (Judgment, ECF No. 241 at 2-3; Sentencing Order, ECF No. 240 at 42.) *United States v. Cameron*, No. 1:09-cr-00024-JAW, 2011 WL 890502, at *19; 2011 U.S. Dist. Lexis 24878, at *57-58 (D. Me. Mar. 11, 2011).

The First Circuit affirmed Petitioner's convictions on Counts 6, 7, 9, 10, 12, 13, and 15; however, the Court reversed the convictions on Counts 1, 3, 4, 5, 11, and 14. *Cameron*, 699 F.3d at 649, 652, 654. The First Circuit remanded the case for further proceedings, including a new trial on the reversed counts. *Id.* at 654.

The Supreme Court denied Petitioner's petition for a writ of certiorari. *Cameron v. United States*, 569 U.S. 939 (2013). Following remand, this Court's amended judgment reflects that, on the Government's motion, the Court dismissed the counts the First Circuit had reversed. (Amended Judgment, ECF No. 342 at 1.)

In his section 2255 motion, Petitioner challenges the Court's decision, in the 2014 sentencing proceeding, to apply a five-level enhancement, pursuant to USSG § 2G2.2(b)(3)(B), for the distribution of child pornography in exchange for the receipt of a thing of value. (Motion at 5-6; Order on Guidelines Calculation, ECF No. 334 at 1.) After reviewing the evidence, the Court concluded there was "sufficient circumstantial evidence from which the Court infers that Mr. Cameron exchanged child pornography for other child pornography." (Order on Guidelines Calculation at 24-25.)

The Court's sentencing guidelines calculation is set forth in the Court's Findings Affecting Sentencing (ECF No. 343-1). The First Circuit summarized this Court's guidelines calculation as follows:

> In its sentencing order, the district court decided four contested issues. First, it determined that it would not count the images of child pornography underlying the six counts vacated by this Court. Excluding those images, the district court counted only 179 pornographic images of minors, and so it applied a three-level enhancement under USSG § 2G2.2(b)(7)(B), rather than the four-level enhancement sought by the Government.
>
> Second, the district court determined that some of the 179 images contained sadistic or masochistic depictions and applied a four-level enhancement under USSG § 2G2.2(b)(4).

3

>Third, the district court added a five-level enhancement to Cameron's offense level pursuant to USSG § 2G2.2(b)(3)(B) because it determined that Cameron distributed images for a thing of value.
>
>Fourth, the district court applied a two-level enhancement for obstruction of justice pursuant to USSG § 3C1.1, but it recognized Cameron's "right to argue that the application of the obstruction of justice enhancement in the Guideline calculation and of a consecutive penalty in the statute for the same conduct results in a sentence that is too harsh" under 18 U.S.C. § 3553(a).
>
>Based on these rulings and other uncontested factors, the district court ruled that Cameron had a total offense level of forty. As the district court explained at the subsequent sentencing hearing, Cameron had a base offense level of twenty-two. To that, the district court added a fourteen-level enhancement from the contested issues discussed above, a two-level enhancement for images of a prepubescent minor, and a two-level enhancement for storing images on a computer, bringing Cameron's total offense level to forty. Cameron had a criminal history category of I, which led to a Guideline sentencing range of 292 to 365 months of imprisonment.

*Cameron*, 835 F.3d at 49.

This Court reduced the total offense level to 38 in its analysis under 18 U.S.C. § 3553(a), because the two-level obstruction of justice enhancement was addressed in a separate 24-month sentence for obstruction of justice. *Cameron*, 835 F.3d at 50. The Court applied a guideline range of 235 to 293 months. *Id.* From the low end of the range, the Court subtracted 70 months (235 – 70 = 165), as it did in Petitioner's prior sentencing. *Id.* The Court sentenced Petitioner to concurrent prison terms of 165 months for the counts related to the receipt and transportation of child pornography (Counts 6, 7, 9, 10, 12, and 13), and to 120 months for the possession count (Count 15), to be followed by concurrent terms of six years of supervised release. (Amended Judgment at 3-4.) On the charge of criminal contempt, the Court sentenced

4

Petitioner to a term of 24 months in prison, to be served concurrently with the sentence on the child pornography counts, and to be followed by a concurrent six-year term of supervised release. (Judgment, No. 1:13-cr-00001-JAW, ECF No. 34 at 2-3.)

Petitioner appealed from the sentence on procedural and substantive grounds; the First Circuit affirmed. *Cameron*, 835 F.3d at 48. The First Circuit concluded that this Court "correctly treated the Sentencing Guidelines as its starting point in calculating Cameron's sentence" and "was not required to use the national sentencing average as its starting point." *Id.* at 51. The First Circuit also rejected Petitioner's procedural and other arguments related to the section 3553(a) analysis. *Id.* at 51. Finally, the First Circuit concluded: "[T]his is plainly not the 'rare below-the-range sentence' that would succumb to a defendant's claim of substantive unreasonableness." *Id.* at 52 (quoting *United States v. King*, 741 F.3d 305, 310 (1st Cir. 2014)). The Supreme Court denied Petitioner's petition for a writ of certiorari. *Cameron v. United States*, 137 S. Ct. 691 (2017).

Petitioner filed his section 2255 motion on July 18, 2017. (Motion at 1.) The Government does not dispute that Petitioner timely filed the motion.[2] (Response, ECF No. 364 at 2 n.2.)

## II. DISCUSSION

Petitioner in essence requests a sentence reduction based on Amendment 801 of the sentencing guidelines. At the time of Petitioner's 2014 sentencing,

---

[2] *See* 28 U.S.C. 2255(f) (providing in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final.")

5

USSG § 2G2.2(b)(3)(B) provided for an increase of five levels to the offense level "[i]f the offense involved . . . [d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain . . . ." After Amendment 801 became effective, section 2G2.2(b)(3)(B) provides: "If the defendant distributed in exchange for any valuable consideration, but not for pecuniary gain, increase by **5** levels." USSG App. C. Supp. (Nov. 1, 2016). Amendment 801 also amended USSG § 2G2.2(b)(3)(F); after the amendment, section 2G2.2(b)(3)(F) provides: "If the defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E), increase by **2** levels."

In addition, Amendment 801 changed some of the language in Note 1 of the Application Notes to the Commentary to section 2G2.2. The pre-amendment language provided in part: "'Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain' means any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit." The post-amendment language provides in part:

> **"The defendant distributed in exchange for any valuable consideration"** means the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material . . . .

USSG § 2G2.2 cmt. n.1.

Although Petitioner filed his request as a section 2255 motion, the Government contends the request is actually a request to modify Petitioner's sentence, which request is governed by 18 U.S.C. § 3582(c)(2) because it is based on an amendment to the sentencing

6

guidelines.³ *See Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) (noting that the substance of a motion, rather than the title the petitioner gives it, determines whether it is a section 2255 motion).

Section 3582(c)(2) permits a reduction of a sentence when a defendant has been sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. A reduction of a sentence is permissible if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

> In addition to the *duty* to review and revise the Guidelines, Congress has granted the Commission the unusual explicit *power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). This power has been implemented in USSG § 1B1.10, which sets forth the amendments that justify sentence reduction.

*Braxton v. United States*, 500 U.S. 344, 348 (1991) (emphasis in original).

USSG § 1B1.10 provides in relevant part:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

---

³ Title 18 U.S.C. § 3582(c) states in part: "The court may not modify a term of imprisonment once it has been imposed . . . ." The statute provides certain exceptions, the relevant one of which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

7

      (A)    none of the amendments listed in subsection (d) is applicable to the defendant; or

      (B)    an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

§ 1B1.10(a)(2).[4] Here, because Amendment 801 is not among the amendments listed under § 1B1.10(d), Petitioner would not be entitled to relief if his request for relief were governed

---

[4] USSG subsections 1B1.10(a) and (b) provide in full:

(a) AUTHORITY.—

  (1) IN GENERAL.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

  (2) EXCLUSIONS.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

    (A) none of the amendments listed in subsection (d) is applicable to the defendant; or

    (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

  (3) LIMITATION.--Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) DETERMINATION OF REDUCTION IN TERM OF IMPRISONMENT.—

  (1) IN GENERAL. –In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

exclusively by 18 U.S.C. § 3582. That is, Amendment 801 is not retroactive to a sentence imposed before November 1, 2016, the effective date of the amendment. Because Petitioner was sentenced before the effective date of Amendment 801, he is not entitled to relief under section 3582(c)(2). *See United States v. Vaughn*, 806 F.3d 640, 643 (1ˢᵗ Cir. 2015) ("Section 1B1.10 authorizes a sentence reduction only when one of an enumerated list of guideline amendments applies."); *United States v. Havener*, 905 F.2d 3, 7 (1st Cir. 1990) (holding that section 1B1.10(a) "expressly forbids retroactive application" of amendments that do not appear on the list of sentencing guidelines amendments included in section 1B1.10(d)).

Petitioner, however, did not explicitly request relief pursuant to § 3852(c)(2). Rather, Petitioner seeks relief under 28 U.S.C. § 2255. Under section 2255, a person may move to vacate his or her sentence on one of four grounds: (1) "that the sentence was

---

(2) LIMITATION AND PROHIBITION ON EXTENT OF REDUCTION.—

(A) LIMITATION.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B) EXCEPTION FOR SUBSTANTIAL ASSISTANCE.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

(C) PROHIBITION.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772-74 (1st Cir. 1994) (holding that the petitioner's claim of errors in the application of the sentencing guidelines did not amount to a miscarriage of justice).

> The catch-all fourth category includes only assignments of error that reveal "fundamental defect[s]" which, if uncorrected, will "result[] in a complete miscarriage of justice," or irregularities that are "inconsistent with the rudimentary demands of fair procedure." In other words, apart from claims of constitutional or jurisdictional nature, a cognizable section 2255 claim must reveal "exceptional circumstances" that make the need for redress evident.

*David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Petitioner contends that *Isabel v. United States*, 980 F.2d 60 (1st Cir. 1992), supports his section 2255 claim. In *Isabel*, the First Circuit concluded that an amendment to the guidelines commentary was clarifying rather than substantive, and the Court remanded the petitioner's section 2255 claim regarding a sentencing enhancement "for a new determination under the clarified guideline." *Id.* at 62-63.[5] The Court did not

---

[5] In *Desouza v. United States*, 995 F.2d 323, 323-24 (1st Cir. 1993) (per curiam), the First Circuit considered a section 2255 argument that a guidelines amendment may afford retroactive relief on the sole basis that the amendment may be characterized as clarifying rather than substantive. The Court, however, concluded that the amendment at issue was substantive, that it did not apply retroactively under USSG § 1B1.10(d), and that the district court therefore had no authority to modify the sentence. *Id.* at 324. A substantive guidelines amendment does not apply retroactively, and therefore cannot provide a basis for section 2255 relief. *See Isabel v. United States*, 980 F.2d 60, 62 (1st Cir. 1992) ("[I]n interpreting an applicable guideline virtually all circuits have found or stated that it is appropriate to consider post-sentencing amendments that clarify but do not substantively change the guideline.").

identify which of the four possible grounds under section 2255(a) applied in *Isabel*. Although the First Circuit did not discuss the miscarriage of justice standard in *Isabel*, implicit in *Isabel* is the conclusion that a post-sentence clarifying amendment could be grounds for relief under section 2255 if, given the clarification, the sentence constitutes a complete miscarriage of justice that presents exceptional circumstances.[6] *See Isabel*, 980 F.2d at 62-63.

> For non-constitutional, non-jurisdictional claims raised in a section 2255 petition, the Supreme Court has stated that "the appropriate inquiry [is] whether the claimed error of law [is] a fundamental defect which inherently results in a complete miscarriage of justice, and whether (i)t . . . present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."

*Damon v. United States*, 732 F.3d 1, 3 (1st Cir. 2013) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)) (quotation marks omitted); *see United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (concluding a section 2255 claim based on a clarifying amendment is not cognizable absent a miscarriage of justice); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) ("[A]n error in the application of the Sentencing Guidelines does not warrant collateral relief under § 2255 absent a complete miscarriage of justice.").

Petitioner contends that *Isabel* is pertinent because Amendment 801, like the amendment at issue in *Isabel*, is a clarifying amendment. Petitioner argues in part that the plain language of the Commission in its statement of reasons for Amendment 801

---

[6] In *Isabel*, the amendment went into effect after sentencing but before the direct appeal was decided. 980 F.2d at 60-61 & n.2.

11

establishes that the amendment was intended as a clarifying amendment. The Commission wrote:

> The amendment revises § 2G2.2(b)(3)(B) and commentary to clarify that the 5-level enhancement applies "if the defendant distributed in exchange for any valuable consideration." The amendment further explains in the accompanying application note that this means "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child."

Amendment 801, Reason for Amendment, USSG App. C. Supp. (Nov. 1, 2016).

*Isabel* does not automatically entitle Petitioner to relief. Even if the Court concluded that the Amendment 801 was a clarifying amendment, Petitioner must demonstrate the case involves exceptional circumstances such that a complete miscarriage of justice would result if relief were denied. *See Knight*, 37 F.3d at 772-74.

Petitioner's argument fails because the record does not satisfy the complete miscarriage of justice and exceptional circumstances standard. Petitioner's argument assumes that he would qualify for a two-level enhancement rather than a five-level enhancement if Amendment 801 applied. First, it appears Petitioner would be subject to a five-level enhancement under USSG § 2G2.2(b)(3)(B), even if Amendment 801 applied, based on the Court's guidelines calculation at the 2014 sentencing. (Order on Guidelines Calculation at 24-25.) Specifically, the Court concluded, based on trial evidence previously discussed in the Court's 2011 sentencing order (ECF No. 240) and reviewed again when the Court calculated the advisory guidelines range at sentencing in 2014, there was circumstantial evidence sufficient to infer Petitioner exchanged child

12

pornography for other child pornography. (Order on Guidelines Calculation at 24-25.) The Court's conclusion, and the evidence on which it is based, would likely support a five-level enhancement under section 2G2.2(b)(3)(B) as amended. *See* USSG § 2G2.2 cmt. n.1.

The Court, however, is not required to decide whether the amendment is substantive or clarifying, or whether Petitioner would qualify for a two-level enhancement, rather than a five-level enhancement, if the amendment were a clarifying amendment. A three-level reduction under Amendment 801 would yield at best a total offense level of 35 and, with a Category I criminal history, a sentencing range of 168-210 months. At sentencing, the Court granted a downward variance of 70 months. (Sentencing Tr., ECF No. 348 at 82, ECF No. 263 at 81-82.) The variance resulted in a 165-month term of imprisonment (ECF No. 348 at 82), which is below the low end of the 168-210 month guidelines range that would apply if the Court assessed a two-level increase, rather than a five-level increase, under Amendment 801.[7]

Petitioner contends that relief is required because the Court likely would grant a similar 70-month downward variance from the guideline range, regardless of whether the range were calculated with a two-level enhancement or a five-level enhancement. (Reply, ECF No. 365 at 1, 10-11, 14.) In support of his argument, Petitioner notes that the

---

[7] The calculation assumes a total offense level of either 35 (had a two-level increase applied) or 38 (had a five-level increase applied), for the child pornography offenses. The variance was in recognition of the Court's "discretion to vary from the guideline range based on a categorical policy disagreement with a guideline." *United States v. Stone*, 575 F.3d 83, 89 (1st Cir. 2009) (holding that, "after [*Kimbrough v. United States*, 552 U.S. 85 (2007)], a district court makes a procedural error when it fails to recognize" it has such discretion).

Court granted a similar variance on each occasion he was sentenced. (*Id.* at 1, 14.) Petitioner in part relies upon the Supreme Court's decision in *Molina-Martinez v. United States*, --- U.S. ---, 136 S.Ct. 1338 (2016), to support his argument. In *Molina-Martinez,* on a direct appeal, the Supreme Court found that "[w]hen a defendant is sentenced under an incorrect Guidelines range – whether or not the defendant's ultimate sentence falls within the correct range – the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." 136 S.Ct. at 1345.

There is no suggestion in the Supreme Court's opinion that the "reasonable probability" standard applicable on a direct appeal would satisfy the "complete miscarriage of justice" and "exceptional circumstances" standard under section 2255. *See Knight*, 37 F.3d at 772-74. In *Knight*, the First Circuit noted:

> Several circuit courts have considered the availability of collateral attack for various errors in the application of the sentencing guidelines and have concluded that such errors are not cognizable under § 2255. . . . While we do not hold that an error in the application of the sentencing guidelines could never constitute a "complete miscarriage of justice," Knight's claims here do not meet that standard.

*Id.* at 773-74 (citations omitted).

As the Court's discussion in *Knight* reflects, the availability of relief under section 2255 based on an alleged error in the application of the sentencing guidelines is limited. Indeed, in *Knight*, the First Circuit, assuming, arguendo, that the sentencing court erred in its guideline calculation, determined that the petitioner had not satisfied the complete

14

miscarriage of justice standard, because the court imposed a sentence within the range that would apply if the petitioner prevailed on his argument. *Id.* at 773.

In Petitioner's case, the Court imposed a sentence below the range Petitioner maintains is the correct range. Under the *Knight* reasoning, Petitioner's below-the-range sentence does not represent a miscarriage of justice. *See id.* Furthermore, although the Court granted Petitioner the same 70-month variance upon remand as it initially granted, upon remand, the Court sentenced him on six fewer counts. After considering the sentencing factors in accordance with 18 U.S.C. § 3553, the Court imposed a sentence the Court determined was appropriate for the remaining counts, after concluding that a guideline sentence was inappropriate. Given that the Court imposed a non-guideline sentence the Court believed was appropriate under the circumstances, the Court's reasoning and the sentence the Court imposed do not constitute the complete miscarriage of justice and exceptional circumstances necessary to obtain relief under section 2255.[8]

In short, even if the Court determined that Amendment 801 was a clarifying amendment, none of the grounds set forth in section 2255(a) applies to Petitioner's claim; the claim is non-constitutional, Petitioner is not otherwise entitled to relief under federal law, and he has failed to satisfy the complete miscarriage of justice and exceptional

---

[8] *See United States v. Hansen*, 859 F.3d 576, 578 (8th Cir. 2017) (concluding, based on a harmless error standard applicable on direct appeal, that the Court need not determine whether Amendment 801 or the pre-amendment guideline applied, because the sentencing court had granted a variance in the amount of the difference, in recognition that "the guideline sentencing system inadequately addresses the circumstances of this defendant and the range is unreasonable," and therefore any error was harmless).

circumstances standard necessary for relief under section 2255. *See David*, 134 F.3d at 474; *Knight*, 37 F.3d at 772-74.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of March, 2018.